**GREG COLEMAN LAW PC**

Alex R. Straus (SBN 321366)
16748 McCormick Street
Los Angeles, CA 91436
T: 917-471-1894
alex@gregcolemanlaw.com

William A. Ladnier (SBN 330334)
Jonathan B. Cohen
**GREG COLEMAN LAW PC**
First Tennessee Plaza
800 S. Gay Street, Suite 1100
Knoxville, TN 37929
T: 865- 247-0080
F: 865-522-0049
will@gregcolemanlaw.com
jonathan@gregcolemanlaw.com

*Attorneys for Plaintiff*

*Additional Counsel on Signature Page*

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOWER SISTERS LLC d/b/a KIDSPARK, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GREAT AMERICAN INSURANCE COMPANY d/b/a GREAT AMERICAN INSURANCE GROUP,<br><br>Defendant. | Case No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Flower Sisters LLC d/b/a KidsPark ("Plaintiff" or "KidsPark") brings this case on behalf of itself and all others similarly situated, against Defendant Great American Insurance Company d/b/a Great American Insurance Group ("Defendant"), and alleges as follows:

## NATURE OF THE ACTION

1.     KidsPark is a part-time and full-time childcare and preschool center. KidsPark takes pride in providing a safe place for children to play and learn.

2.     Like many businesses, including childcare and preschool centers in California, KidsPark was forced to significantly curtail its services due to the COVID-19 Pandemic (also known as the "Coronavirus" or "SARS-CoV-2"), the executive orders issued by the Governor of California as described below.

3.     KidsPark sought to protect itself – and reasonably believed that it had protected itself – in the event that its operations were suspended or reduced for reasons outside of its control beyond just damage to the physical premises (such as fire), by purchasing an "all-risk" policy through Defendant (the "Policy"). *See* Exhibit A. An "all-risk" property policy provides broad coverage for losses resulting from any cause unless expressly excluded.

4.     Among other coverages, the Policy specifically includes coverage for Business Income and Extra Expense for twelve (12) months of actual loss sustained. The policy also provides coverage for action of Civil Authority for

twenty-one (21) days, and for sixty (60) days of Extended Business Income coverage. The Policy also provides Communicable Disease coverage.

5.     The Business Income, Extra Expense, Extended Business Income, Civil Authority, and Communicable Disease coverages purchased by Plaintiff are not subject to any relevant exclusion for losses caused by pandemics like COVID-19. Here, the purported virus exclusion in the Policy does not apply because a significant legal proximate cause to Plaintiff's, and other Class Members' losses, was the civil authority orders issued by the State of California ("California Civil Authority Orders"), and similar civil authority orders issued to prevent the spread of COVID-19. But even to the extent a virus exclusion would apply, Defendant has rendered this exclusion inapplicable by expressly providing for additional coverage for Communicable Disease Events.

6.     Notwithstanding these coverages, when Plaintiff suffered an actual loss of Business Income and incurred Extra Expense as a result of a covered cause of loss, Defendant wrongfully – and in contravention of the policy – denied Plaintiff's insurance claim. *See* Exhibit B.

7.     Plaintiff is not alone. Defendant has systematically refused to pay all its insureds under their Business Income, Extra Expense, Extended Business Income, Civil Authority, and Communicable Disease coverages for losses suffered due to COVID-19 (and related civil authority orders), regardless of whether the implicated insurance policy has an applicable pandemic exclusion or

not, and regardless of whether the policy had applicable Communicable Disease coverage.

## **PARTIES**

8.     Plaintiff KidsPark is a limited liability corporation registered in California with its principal place of business in Corona, California. KidsPark primarily provides childcare and related services.

9.     Defendant Great American Insurance Company d/b/a Great American Insurance Group is an Ohio company with its principal place of business in Cincinnati, Ohio. At all relevant times, Defendant Great American Insurance Company d/b/a Great American Insurance Group sold and issued insurance policies in the state of California, including, without limitation, KidsPark.

## **JURISDICTION AND VENUE**

10.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because Plaintiff, as well as other members of the Classes, and Defendant are citizens of different states, and because: (a) the Classes consist of at least 100 members; (b) the amount in controversy exceeds $5,000,000 exclusive of interest and costs; and (c) no relevant exceptions apply to Plaintiff's claim.

11.     This Court has personal jurisdiction over Defendant, because a substantial portion the alleged wrongdoing occurred in the state of California, and Defendant has sufficient contacts with the state of California. Venue is proper in

this District under 28 U.S.C. § 1391(b)(3) because a substantial portion of the acts and conduct giving rise to the claims occurred within the District.

## **FACTUAL BACKGROUND**

12.     Plaintiff paid an annual premium of $2,897.00 to Defendant, who issued to Plaintiff a renewal of Policy PAC 2212066 02, for the annual period beginning September 16, 2019. Plaintiff performed all its obligations under the Policy, including the payment of premiums. The Covered Property is 280 Teller Street #170, Corona, CA 92879.

13.     Some insurance policies cover specific and identified risks, such as tornadoes, hurricanes, or fires. However, most property policies in the United States of America, including those sold by Defendant, are "all-risk" policies. These types of policies cover **_all_** risks of loss, and only exclude narrow and specifically enumerated risks.

14.     In the Policy (the policy issued to Plaintiff), Defendant agreed to pay "for direct physical loss of or damage to covered property ... caused by or resulting from a Covered Cause of Loss." A Covered Cause of Loss is defined as all "direct physical loss unless the loss is excluded or limited in this policy." *See* Exhibit A, CP 10 30 (Ed. 09/17), at A.

15.     Losses due to the COVID-19 Pandemic and the California Civil Authority Orders (defined below) are a Covered Cause of Loss under Defendant's Policy because they constitute direct physical loss and are not otherwise excluded.

16.    In the Policy, apart from general coverage, as part of additional coverages, Defendant agreed to pay for Plaintiff's actual loss of Business Income sustained due to the suspension of Plaintiff's operations caused by direct physical loss of *or* physical damage to property. Specifically, the policy provides:

> We will pay for the actual loss of Business Income you sustain due to the necessary suspension of "operations" during the "period of restoration." The suspension must be caused by direct physical loss of or damage to property at the described premises, including personal property in the open (or in a vehicle) within 100 feet, caused by or resulting from any Covered Cause of Loss.

> **Business Income** means the:
>
> a.  Net Income (Net Profit or Loss before income taxes) that would have been earned or incurred; and
>
> b.  continuing normal operating expenses incurred, including payroll.

*See* Exhibit A, CP 73 07 (Ed. 09/07), at A. *See also* Exhibit A, CP 00 30 (Ed. 10/12).

17.    The Policy further includes Extra Expense coverage which covers "necessary expenses you incur during the 'period of restoration' that you would not have incurred if there had been no direct physical loss or damage to property caused by or resulting from a Covered Cause of Loss." *See* Exhibit A, CP 00 30 (ed. 10/12), at A.2.b.

18.    The Policy also provides Extended Business Income coverage which provides ""will pay for actual loss of Business Income you incur" after "'the date you could restore your 'operations' with reasonable speed..." *See* Exhibit A, CP 00 30 (ed. 10/12), at A.5.b.(6). Extended Business Income coverage is meant to provide coverage for lost Business Income during the time it takes a business to bounce back from the suspension of its business operations once it restarts.

19.     The Policy also includes Civil Authority coverage, under which Defendant agreed to pay for the actual loss of Business Income and Extra Expense sustained when access to the scheduled premises is prohibited by order of a civil authority as the direct result of a Covered Cause of Loss to the scheduled premises. *See* Exhibit A, CP 00 30 (Ed. 10/12), at 5.a.

20.     The Policy also provides Communicable Disease Event coverage "in which a 'Public Health Authority' has ordered that the covered location be evacuated, decontaminated, or disinfected due to the outbreak of a 'communicable disease' at such location." *See* Exhibit A, CP 73 45 (Ed. 01/14), at 3.j. Communicable Disease Event Coverage provides for the loss of business income and extra expense as the result of the "communicable disease", which is defined as "any disease  or any related diseases, viruses, complexes, symptoms, manifestations, effects, conditions or illnesses that can be transmitted directly or indirectly from one person to another or transmitted from animal to person." *Id.*

21.     The Communicable Disease Event coverage is available regardless of any applicable virus exclusion in the Policy:

Any Virus or Bacteria Exclusions that may apply to the Commercial Property Coverage Part do not apply to this Additional Coverage.

*Id.*

22.     As explained below, the COVID-19 Pandemic throughout the State of California, and the related shut down orders issued by local, state, and federal

authorities constitute a Covered Cause of Loss triggering the Business Income, Extra Expense, Extended Business Income, Civil Authority, and Communicable Disease provisions of the Policy.

## A. *Covered Cause of Loss*

### 1. __COVID-19 Pandemic__

23.    On January 30, 2020, the World Health Organization ("WHO") declared the COVID-19 outbreak a "Public Health Emergency of International Concern."[1] Later, on March 11, 2020, the WHO declared COVID-19 a global health pandemic. On March 13, 2020, President Trump declared a national emergency in the face of a growing public health and economic crisis due to the global COVID-19 Pandemic.

24.    In the State of California alone, there have been over 200,461 reported cases of COVID-19, and approximately 5,812 related deaths.[2]

25.    In Riverside County, in which KidsPark is located, there have been over 15,224 confirmed cases of COVID-19, and 380 deaths, which are the second-highest totals in California.[3]

---

[1] https://www.who.int/news-room/detail/30-01-2020-statement-on-the-second-meeting-of-the-international-health-regulations-(2005)-emergency-committee-regarding-the-outbreak-of-novel-coronavirus-(2019-ncov) (last visited June 26, 2020).

[2] https://public.tableau.com/views/COVID-19PublicDashboard/Covid-19Public?:embed=y&:display_count=no&:showVizHome=no (last visited June 26, 2020).

[3] *Id.*

26.    According to published research, the virus that causes COVID-19 remains stable and transmittable for up to three hours in aerosols, up to four hours on copper, up to twenty-four hours on cardboard, and up to two to three days on plastic and stainless steel.[4] Thus, COVID-19 can be transmitted directly or indirectly.

### 2.    California Civil Authority Orders

27.    The presence and physical spread of this deadly virus and the pandemic have caused civil authorities to issue orders requiring the suspension of businesses, including civil authorities with jurisdiction over Plaintiff's practice, to slow down the deadly and dangerous spread of COVID-19. Nearly every state in the country, including California, has or had an order restricting the operation of non-essential businesses.

28.    These California Civil Authority Orders include:

   a.    On March 4, 2020, California Governor Gavin Newsom issued an executive order declaring a state of emergency in California as a result of the threat of COVID-19;

   b.    On March 19. 2020, Governor Newsom issued Executive Order N-33-20,[5] finding that "in a short period of time, COVID-19 has rapidly

---

[4] https://www.nih.gov/news-events/nih-research-matters/study-suggests-new-coronavirus-may-remain-surfaces-days  (last visited June 26, 2020).

[5] https://www.gov.ca.gov/wp-content/uploads/2020/03/3.19.20-attested-EO-N-33-20-COVID-19-HEALTH-ORDER.pdf (last visited June 26, 2020)

spread throughout California" and directed all Californians to "heed the current State public health directives..." including the Order of the State Public Health Officer dated March 19, 2020;

   c. The March 19 2020 Order of the State Public Health Officer ordered 'all individuals living in the State of California to stay at home or at their place of residence except as needed to maintain continuity of operations of the federal critical infrastructure sections..."[6]

   d. On April 1, 2020, Riverside County ordered all preschools to be closed and ordered all daycares to limit children to 12 per room.[7]

29.   The California Governor and the California State Public Health Officer are governmental authorities that have jurisdiction over Plaintiff's operations relative to health and hygiene standards necessary for the protection of the public.

30.   As a result of COVID-19, the California Civil Authority Orders, as well as information from other sources including the California Department of Public Health, Plaintiff ceased all of its operations on March 18, 2020 and only resumed some of its operations on June 1, 2020.

---

[6] *Id.*

[7] https://www.riversideca.gov/sites/default/files/press/pdf/April%201%20-_Order.pdf (last visited June 26, 2020).

CLASS ACTION COMPLAINT

10

### 3. <u>Impact of the COVID-19 Pandemic and California Civil Authority  Orders</u>

31.     KidsPark and the proposed Classes defined below have suffered an actual loss of Business Income and are incurring Extra Expenses due to the necessary suspension of operations.

32.     The California Civil Authority Orders (and similar civil authority orders) and the COVID-19 pandemic constitute a Covered Cause of Loss, as they constitute "direct physical loss" that is not excluded by the policy.

33.     Moreover, a Covered Cause of Loss has caused damage to property other than the described premises as well as the described premises, and was caused by the California Civil Authority Orders that prohibited access to Plaintiff's premises. The California Civil Authority Orders prohibited access to damaged properties immediately surrounding Plaintiff's property, and Plaintiff's property is not more than one mile from the damaged properties. The California Civil Authority Orders were entered in response to a dangerous physical condition resulting from damage and the continuation of the Covered Cause of Loss causing the damage.

34.     Plaintiff reopened on June 1, 2020. Plaintiff has incurred expenses such as purchasing masks, gloves, signage, and plexiglass in order to reopen. After reopening, Plaintiff had substantially less than its normal revenue.

35.    Plaintiff's loss in business income was not due to unfavorable business conditions as its business historically experiences a substantial increase during the summer months.

36.    Having suffered a necessary suspension of operations, Plaintiff submitted a claim to Defendant under the policy. Defendant denied Plaintiff's claim. *See* Exhibit B.

37.    Defendant based this denial primarily on:

a.  The lack of "any direct physical loss or damage to property at your premises";

b.  The purported applicability of exclusions related to viruses, loss of market, loss due to acts or decisions of a governmental body, and consequential loss;

c.  The purported lack of "direct physical loss of or damage to other property within one mile of your premises, caused by a Covered Cause of Loss, that resulted in an action of civil authority prohibiting access to your property";

d.  A purported absence of an "order [from a Public Health Authority] or outbreak at your location."

38.    None of these purported reasons are true bases for Defendant's denial of Plaintiff's claim. First, as described above, in the context of COVID-19 and the California Civil Authority Orders, there was a suspension of operations caused by "physical loss or damage" caused by or resulting from" a "Covered Cause of Loss" to property at a scheduled premise. Second, none of the cited exclusions are applicable, or unconscionably restrict coverage otherwise provided by the Policy.

Third, direct physical loss or damage to other property, including to Plaintiff's scheduled premises, occurred all over California, including Riverside County where Plaintiff is located, which led to the California Civil Authority Orders. Fourth, it strains credibility for Defendant to assert that it were unaware of the California Civil Authority Orders implicating the Civil Authority and Communicable Disease coverage.

39.    The "virus exclusion" excludes coverage only "for loss or damage caused by or resulting from any virus, bacterium or other microorganism that induces or is capable of inducing physical distress, illness or disease", however a legal proximate cause and predominant cause of the physical loss here was not a virus, but the California Civil Authority Orders.

40.    Also, while the policy contains a virus exclusion -- the policy does not exclude coverage for a national state of disaster like the current pandemic, which is more akin to a tornado than damage from a microorganism itself. The insurance industry knows how to exclude "pandemics and epidemics" and has done so in other contexts. Here it did not.

41.    However, even if the virus exclusion is applicable, then Plaintiff has Communicable Disease coverage that explicitly covers "viruses" that can be transmitted "directly or indirectly". A "Public Health Authority" having jurisdiction over Plaintiff's operations has ordered that its location be evacuated due to COVID-19. Communicable Disease coverage is not excluded by any virus

exclusion "[a]ny Virus or Bacteria Exclusions that may apply to Commercial Property Coverage Part do not apply to this Additional Coverage." *See* Exhibit A, CP 73 45 (Ed. 01/14).

42.    The simple truth is that Defendant pre-determined its intent to deny coverage for any Business Income, Extra Expense, Extended Business Income, Civil Authority, and Communicable Disease claims related to the COVID-19 Pandemic.

43.    Boiled to its essence, the subject matter of this case is simple. Defendant has, on a widespread and class-wide basis, refused to provide coverage related to the COVID-19 Pandemic and the resultant executive orders by civil authorities that have required the suspension of practice *no matter* the language or scope of coverage in any particular insurance policy.

## CLASS ALLEGATIONS

44.    Plaintiff brings this action individually and on behalf of the following similarly situated classes (the "Classes") pursuant to Rule 23(a), 23(b)(1), 23(b)(2), 23(b)(3), and 23(c)(4) of the Federal Rules of Civil Procedure.

45.    Plaintiff seeks to represent nationwide classes defined as follows:

**Business Income Breach Class**

All persons and entities that: (a) had Business Income coverage under a property insurance policy issued by Defendant; (b) suffered a suspension of their operations related to COVID-19 or the California Civil Authority Orders (or other civil authority order related to COVID-19) impacting the premises covered by their property insurance policy; (c) made a claim under their property insurance policy issued by Defendant; and (d) were denied coverage by Defendant.

**Extra Expense Breach Class**

All persons and entities that: (a) had Extra Expense coverage under a property insurance policy issued by Defendant; (b) suffered a Communicable Disease Event related to COVID-19 or the California Civil Authority Orders (or other civil authority order related to COVID-19) impacting the premises covered by their property insurance policy and incurred Extra Expenses; (c) made a claim under their property insurance policy issued by Defendant; and (d) were denied Extra Expense coverage by Defendant.

**Civil Authority Breach Class**

All persons and entities that: (a) had Civil Authority coverage under a property insurance policy issued by Defendant; (b) suffered a loss of Business Income caused by an order of a civil authority that was entered in response to dangerous physical conditions resulting from damage of the Covered Cause of Loss, and the order of civil authority specifically prohibited access to the premises covered by their property insurance policy as the direct result of the risks caused by the COVID-19 Pandemic to property in the immediate area of the insureds covered property and not more than one mile from the covered premises; (c) made a claim under their property insurance policy issued by Defendant; and (d) were denied Civil Authority coverage by Defendant for the loss of Business Income.

**Extended Business Income Breach Class**

All persons and entities that: (a) had Extended Business Income coverage under a property insurance policy issued by Defendant; (b) suffered a suspension of their operations related to COVID-19 or the California Civil Authority Orders (or other civil authority order related to COVID-19)

impacting the premises covered by their property insurance policy; (c) had a loss of "Business Income" after reopening; (d) made a claim under their property insurance policy issued by Defendant; and (e) were denied Extended Business Income coverage by Defendant.

### Communicable Disease Breach Class

All persons and entities that: (a) had Communicable Disease coverage under a property insurance policy issued by Defendant; (b) suffered a Communicable Disease Event due to COVID-19 or the California Civil Authority Orders (or other civil authority order related to COVID-19) impacting the premises covered by their property insurance policy; (d) made a claim under their property insurance policy issued by Defendant; and (e) were denied Communicable Disease coverage by Defendant.

46.    Plaintiff also seeks to represent nationwide declaratory judgment classes defined as follows:

### Business Income Declaratory Judgment Class

All persons and entities with Business Income coverage under a property insurance policy issued by Defendant that suffered a suspension of their operations related to COVID-19 or the California Civil Authority Orders (or other civil authority order related to COVID-19) impacting the premises covered by their property insurance policy.

### Extra Expense Declaratory Judgment Class

All persons and entities with Extra Expense coverage under a property insurance policy issued by Defendant that incurred extra expenses related to COVID-19 or the California Civil Authority Orders (or other civil authority order related to COVID-19) impacting the premises covered by their property insurance policy.

### Civil Authority Declaratory Judgment Class

All persons and entities with Civil Authority coverage under a property insurance policy issued by Defendant that suffered a loss of Business Income caused by an order of a civil authority that was entered in response

to dangerous physical conditions resulting from damage of the Covered Cause of Loss, and the order of civil authority specifically prohibited access to the premises covered by their property insurance policy as the direct result of the risks caused by the COVID-19 Pandemic to property in the immediate area of the insureds covered property and not more than one mile from the covered premises.

### Extended Business Income Declaratory Judgment Class

All persons and entities with Extended Business Income coverage under a property insurance policy issued by Defendant that suffered a suspension of their operations related to COVID-19 or the California Civil Authority Orders (or other civil authority order related to COVID-19) impacting the premises covered by their property insurance policy and suffered a loss of Business Income after reopening.[8]

### Communicable Disease Declaratory Judgment Class

All persons and entities that: (a) had Communicable Disease coverage under a property insurance policy issued by Defendant; (b) suffered a Communicable Disease Event due to COVID-19 or the California Civil Authority Orders (or other civil authority order related to COVID-19) impacting the premises covered by their property insurance policy.

47.    Excluded from the proposed Classes are Defendant, any parent companies, subsidiaries, affiliates, officers, directors, legal representatives, employees, co-conspirators, all governmental entities, and any judge, justice, or judicial officer presiding over this matter, as well as members of their staff and immediate families. Plaintiff reserves the right to amend the Class definitions above or add appropriate subclasses following discovery. Also excluded from the

---

[8] The five Declaratory Judgment Classes together will be referred to as the "Declaratory Judgment Classes."

Classes are insureds that have not complied with applicable provisions of their policies, such as the payment of premiums.

48.     This action is brought and may be properly maintained as a class action. There is a well-defined community of interests in this litigation and the members of the Classes are easily ascertainable.

49.     The members in the proposed Classes are so numerous that individual joinder of all members is impracticable, and the disposition of the claims of the members of the Classes in a single action will provide substantial benefits to the parties and the Court.

50.     This action involves common questions, which predominate over questions affecting individual members of the Classes, including (without limitation):

- whether members of the Classes suffered a covered cause of loss based on the common policies issued by Defendant;

- whether the COVID-19 Pandemic (and/or an order of a civil authority related to the COVID-19 Pandemic) constitutes a Covered Cause of Loss;

- whether Defendant's Business Income coverage applies to a suspension of business operations caused by the COVID-19 Pandemic (and/or by an order of a civil authority related to the COVID-19 Pandemic);

- whether a suspension of business operations caused by the COVID-19 Pandemic (and/or by an order of a civil authority related to the COVID-19 Pandemic) qualifies as a suspension of business operations caused by direct physical loss of or physical damage to property;

- whether the "virus" exclusion precludes losses related to the COVID-19 Pandemic;

- whether the COVID-19 Pandemic qualifies as a Communicable Disease Event;

- whether an order by a civil authority related to the COVID-19 Pandemic qualifies an insured for Civil Authority coverage;

- whether expenses incurred caused by or related to COVID-19 qualify as Extra Expenses;

- whether members of the Classes sustained damages as a result of Defendant denying their claims made under the common policies; and

- whether Defendant breached its contracts of insurance by denying Class members' Business Income and Civil Authority claims related to the COVID-19 Pandemic.

51.    Defendant engaged in a course of common conduct that gave rise to the legal rights sought to be enforced by Plaintiff individually and on behalf of the other members of the Classes. Identical business practices and harms are involved. Individual questions, if any, are not prevalent in comparison to the numerous common questions that dominate this action.

52.    Plaintiff's claims are typical of those of the members of the Classes because they are based on the same underlying facts, events, and circumstances relating to Defendant's conduct, including the systematic denial of insurance coverage related to Business Income and Extra Expense insurance and the

COVID-19 Pandemic and/or an order of civil authority related to the COVID-19 Pandemic.

53.    Plaintiff will fairly and adequately represent and protect the interests of the Classes, has no interests incompatible with the interests of the Class members, and has retained counsel competent and experienced in class action and consumer protection litigation.

54.    Class treatment is superior to other options for resolution of the controversy because the relief sought for each member of the Classes is small enough such that, absent representative litigation, it would be infeasible for many members of the Classes to redress the wrongs done to them. Moreover, individualized litigation would create potential for inconsistent judgments on identical issues and increase the delay and expense to the parties and the Court. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of adjudication by a single court.

55.    As a result of the foregoing, class treatment under Federal Rule of Civil Procedure 23(b)(3) is appropriate.

56.    Class treatment is also appropriate under Federal Rule of Civil Procedure 23(b)(1). Plaintiff seeks class-wide adjudication related to Defendant's Business Income, and Civil Authority coverages. The prosecution of separate actions by individual members of the Classes would create a risk of inconsistent adjudications.

57.    Class treatment is also appropriate under Federal Rule of Civil Procedure 23(b)(2). Defendant acted or refused to act on grounds generally applicable to Plaintiff and the other members of the Classes, thereby making appropriate final injunctive and declaratory relief.

## **CLAIMS FOR RELIEF**

### **CLAIM I: BREACH OF CONTRACT - Business Income Coverage**
### **(Plaintiff Individually and on Behalf of the Business Income Breach Class)**

58.    Plaintiff hereby realleges and incorporates by reference all allegations raised in the preceding paragraphs as if fully stated herein.

59.    Plaintiff brings this claim against Defendant individually and on behalf of the members of the Business Income Breach Class.

60.    Plaintiff's insurance policy, as well as those of the members of the Business Income Breach Class, are contracts under which premiums were paid to Defendant in exchange for promises to pay Plaintiff and the Business Income Breach Class Members' losses for claims covered by Defendant's all-risk policy.

61.    The Policy states that Defendant "will pay for the actual loss of Business Income you sustain due to the necessary suspension of your 'operations' during the 'period of restoration.' The suspension must be caused by direct physical loss of or physical damage to property at the 'described premises'…caused by or resulting from a Covered Cause of Loss."

62.    "Operations" is defined as "business activities occurring at the

'described premises' and tenantability of the 'described premises.'"

63.   Suspension is defined (in relevant part) as "The slowdown or cessation of your business activities[.]"

64.   "Business Income" is defined as "Net Income (Net Profit or Loss before income taxes) that would have been earned or incurred" and "continuing normal operating expenses incurred, including payroll."

65.   The COVID-19 Pandemic, and/or orders of civil authority related to the COVID-19 Pandemic (like the California Civil Authority Orders) caused "direct physical loss or damage" to the "Covered Property" under the Plaintiff's policy, and the policies of the other Business Income Breach Class members, by denying use of and damaging the Covered Property, and by causing a necessary suspension and reduction of operations during a period of restoration.

66.   Losses caused by the COVID-19 Pandemic, and/or orders of civil authority related to the COVID-19 Pandemic (like the California Civil Authority Orders) thus triggered the Business Income provision of Plaintiff's and the other members of the Business Income Breach Class' insurance policies.

67.   Plaintiff and the members of the Business Income Breach Class have complied with all applicable provisions of their policies.

68.   Plaintiff and the members of the Business Income Breach Class made timely claims under their property insurance policies issued by Defendant.

69.   Defendant has breached its coverage obligations under Plaintiff and

the Business Income Breach Class Members' policies by denying coverage for any Business Income losses incurred in connection with the COVID-19 and/or orders of civil authority related to COVID-19 (like the California Civil Authority Orders).

70.    As a direct and proximate result of Defendant's breaches, Plaintiff and the members of the Business Income Breach Class have sustained damages for which Defendant is liable, in an amount to be established at trial.

### CLAIM II: BREACH OF CONTRACT – Extra Expense Coverage
### (Plaintiff Individually and on Behalf of the Extra Expense Breach Class)

71.    Plaintiff hereby realleges and incorporates by reference all allegations raised in the preceding paragraphs as if fully stated herein.

72.    Plaintiff brings this claim against Defendant individually and on behalf of the members of the Extra Expense Breach Class.

73.    Plaintiff's insurance policy, as well as those of the members of the Extra Expense Breach Class, are contracts under which premiums were paid to Defendant in exchange for promises to pay Plaintiff and the Extra Expense Breach Class Members' losses for claims covered by Defendant's all-risk policy.

74.    The Policy states that Defendant's "will pay necessary expenses you incur during the 'period of restoration' that you would not have incurred if there had been no direct physical loss or damage to property caused by or resulting from a Covered Cause of Loss."

75.     COVID-19, and/or orders of civil authority related to COVID-19 (like the California Civil Authority Orders) caused "direct loss" to the "Covered Property" under the Plaintiff's policy, and the policies of the other Extra Expense Breach Class members, by denying use of and damaging the Covered Property, and by causing Plaintiff and other Extra Expense Breach Class members to incur necessary expenses they would not have incurred had there been in the absence of COVID-19 or the California Civil Authority Orders.

76.     Losses caused by COVID-19, and/or orders of civil authority related to COVID-19 (like the California Civil Authority Orders) thus triggered the Extra Expense provision of Plaintiff's and the other members of the Extra Expense Breach Class' insurance policies.

77.     Plaintiff and the members of the Extra Expense Breach Class have complied with all applicable provisions of their policies.

78.     Plaintiff and the members of the Extra Expense Breach Class made timely claims under their property insurance policies issued by Defendant.

79.     Defendant has breached its coverage obligations under Plaintiff and the Extra Expense Breach Class Members' policies by denying coverage for any Extra Expenses incurred in connection with the COVID-19 and/or orders of civil authority related to COVID-19 (like the California Civil Authority Orders).

80.     As a direct and proximate result of Defendant's breaches, Plaintiff and the members of the Extra Expense Breach Class have sustained damages for

which Defendant is liable, in an amount to be established at trial.

## CLAIM III: BREACH OF CONTRACT – Civil Authority Coverage

### (Plaintiff Individually and on Behalf of the Civil Authority Breach Class)

81.     Plaintiff hereby realleges and incorporates by reference all allegations raised in the preceding paragraphs as if fully stated herein.

82.     Plaintiff brings this claim against Defendant individually and on behalf of the members of the Civil Authority Breach Class.

83.     Plaintiff's policy, as well as those of the members of the Civil Authority Breach Class, are contracts under which premiums were paid to Defendant in exchange for promises to pay Plaintiff and the Civil Authority Breach Class Members' losses for claims covered by the policy.

84.     Plaintiff's policy, as well as those of the members of the Civil Authority Breach Class are extended to apply to losses sustained "caused by action of civil authority that prohibits access to the described premises" when "access to the area immediately surrounding the damaged property by civil authority as a result of the damage, and the described premises are within that area but are not more than one mile from the damaged property" and "the action of civil authority is taken in response to dangerous physical conditions resulting from the damage or continuation of the Covered Cause of Loss that caused the damage..."

85.     The COVID-19 Pandemic caused civil authorities to issue the

California Civil Authority Orders, which specifically prohibited access the area immediately surrounding the damaged property as a result of the damage, and the California Civil Authority Orders are both within the area defined as well as no more than one mile from the damaged property. The California Civil Authority Orders were entered in response to COVID-19, which is a dangerous physical condition, and result from the damage or continuation of the direct physical damage that caused the damage.

86.    Losses caused by the COVID-19 Pandemic thus triggered the Civil Authority provision of Plaintiff and the Civil Authority Breach Class Members' insurance policies.

87.    Plaintiff and the Civil Authority Breach Class Members have complied with all applicable provisions of their policies.

88.    Plaintiff and the Civil Authority Breach Class Members made timely claims under their property insurance policies issued by Defendant.

89.    Defendant has breached its coverage obligations under Plaintiff and the Civil Authority Breach Class Members' policies by denying coverage for any Civil Authority losses incurred in connection with the COVID-19 Pandemic and/or orders of civil authority related to the COVID-19 Pandemic (like the California Civil Authority Orders).

90.    As a direct and proximate result of Defendant's breaches, Plaintiff and the Civil Authority Breach Class Members have sustained damages for which

Defendant is liable, in an amount to be established at trial.

## CLAIM IV: BREACH OF CONTRACT –
### Extended Business Income Coverage
### (Plaintiff Individually and on Behalf of the Extended Business Income Breach Class)

91.     Plaintiff hereby realleges and incorporates by reference all allegations raised in the preceding paragraphs as if fully stated herein.

92.     Plaintiff brings this claim against Defendant individually and on behalf of the members of the Extended Business Income Breach Class.

93.     Plaintiff's insurance policy, as well as those of the members of the Extended Business Income Breach Class, are contracts under which premiums were paid to Defendant in exchange for promises to pay Plaintiff and the Extended Business Income Breach Class Members' losses for claims covered by Defendant's all-risk policy.

94.     The Policy states that "[i]f the necessary 'suspension' of your 'operations' produces a Business Income loss payable under this Policy, we will pay for the actual loss of Business Income you incur..."

95.     Losses caused by COVID-19, and/or orders of civil authority related to COVID-19 (like the California Civil Authority Orders) thus triggered the Extended Business Income provision of Plaintiff's and the other members of the Business Income Breach Class' insurance policies.

96.     Plaintiff and the members of the Extended Business Income Breach

Class have complied with all applicable provisions of their policies. Plaintiff and the members of the Extended Business Income Breach Class made timely claims under their property insurance policies issued by Defendant.

97.   Defendant has breached its coverage obligations under Plaintiff and the Extended Business Income Breach Class Members' policies by denying coverage for any Extended Business Income losses incurred in connection with the COVID-19 and/or orders of civil authority related to COVID-19 (like the California Civil Authority Orders).

98.   As a direct and proximate result of Defendant's breaches, Plaintiff and the members of the Extended Business Income Breach Class have sustained damages for which Defendant is liable, in an amount to be established at trial.

### CLAIM V: BREACH OF CONTRACT – Communicable Disease Coverage
**(Plaintiff Individually and on Behalf of the
Communicable Disease Breach Class)**

99.   Plaintiff hereby realleges and incorporates by reference all allegations raised in the preceding paragraphs as if fully stated herein.

100.   Plaintiff brings this claim against Defendant individually and on behalf of the members of the Communicable Disease Breach Class.

101.   Plaintiff's policy, as well as those of the members of the Communicable Disease Breach Class, are contracts under which premiums were paid to Defendant in exchange for promises to pay Plaintiff and the Communicable Breach Class Members' losses for claims covered by the policy.

102. Plaintiff's policy, as well as those of the members of the Communicable Class are extended to apply to losses sustained due to "Communicable Disease Events."

103. The COVID-19 Pandemic and civil authority orders were Communicable Disease Events as defined by the policy.

104. Plaintiff and the Communicable Disease Breach Class Members have complied with all applicable provisions of their policies.

105. Plaintiff and the Communicable Disease Breach Class Members made timely claims under their property insurance policies issued by Defendant.

106. Defendant has breached its coverage obligations under Plaintiff and the Communicable Disease Breach Class Members' policies by denying coverage for any Communicable Disease losses incurred in connection with the COVID-19 Pandemic and/or orders of civil authority related to the COVID-19 Pandemic (like the California Civil Authority Orders).

107. As a direct and proximate result of Defendant's breaches, Plaintiff and the Communicable Disease Breach Class Members have sustained damages for which Defendant is liable, in an amount to be established at trial.

### CLAIM VI: DECLARATORY JUDGMENT
### (Claim Brought on Behalf of the Declaratory Judgment Classes)

108. Plaintiff hereby realleges and incorporates by reference all allegations raised in the preceding paragraphs as if fully stated herein.

109.   Plaintiff brings this claim against Defendant individually and on behalf of the members of the Declaratory Judgment Classes.

110.   Plaintiff's policy, as well as those of the members of the Declaratory Judgment Classes, are contracts under which premiums were paid to Defendant in exchange for promises to pay losses for claims covered by their insurance policies.

111.   Plaintiff and the members of the Declaratory Judgment Classes have complied with all applicable provisions of the policies.

112.   Defendant has denied claims related COVID-19 and/or orders of civil authority related to COVID-19 (like the California Civil Authority Orders) on a uniform and class wide basis, without individual bases or investigations, such that the Court can render declaratory judgment irrespective of whether members of the Declaratory Judgment Classes have filed a claim.

113.   An actual case or controversy exists regarding Plaintiff and the Declaratory Judgment Class Members' rights and Defendant's obligations under the policies to provide reimbursements for the full amount of losses incurred by Plaintiff and the Declaratory Judgment Classes Members in connection with the COVID-19 and/or orders of civil authority related to COVID-19 (like the California Civil Authority Orders).

114.   Pursuant to 28 U.S.C. § 2201, Plaintiff and the Business Income Declaratory Judgment Class Members seek a declaratory judgment from this

Court declaring the following:

      a.   Plaintiff and the Business Income Declaratory Judgment Class Members' Business Income losses incurred in connection with necessary interruption of their businesses due to the presence of the COVID-19 Pandemic and/or orders of civil authority related to the COVID-19 Pandemic (like the California Civil Authority Orders) are insured losses under their policies; and

      b.   Defendant is obligated to pay Plaintiff and the Business Income Declaratory Judgment Class Members for the full amount of the Business Income losses incurred and to be incurred in connection with the period of restoration and the necessary interruption of their businesses stemming from the presence of COVID-19 and/or orders of civil authority related to COVID-19 (like the California Civil Authority Orders).

115.   Pursuant to 28 U.S.C. § 2201, Plaintiff and the Extra Expense Declaratory Judgment Class Members seek a declaratory judgment from this Court declaring the following:

      a.   Plaintiff and the Extra Expense Declaratory Judgment Class Members' Extra Expense losses incurred in connection with necessary interruption of their businesses due to the presence of the COVID-19 Pandemic and/or orders of civil authority related to the COVID-19 Pandemic (like the California Civil Authority Orders) are insured losses under their policies; and

      b.   Defendant is obligated to pay Plaintiff and the Extra Expense Declaratory Judgment Class Members for the full amount of the Extra Expense losses incurred and to be incurred in connection with the period of restoration and the necessary interruption of their businesses stemming from the presence of COVID-19 and/or orders of civil authority related to COVID-19 (like the California Civil Authority Orders).

116.   Pursuant to 28 U.S.C. § 2201, Plaintiff and the Civil Authority Declaratory Judgment Class Members seek a declaratory judgment from this

Court declaring the following:

a. Plaintiff and the Civil Authority Declaratory Judgment Class Members' Business Income losses incurred in connection with necessary interruption of their businesses due to the presence of the COVID-19 Pandemic and/or orders of civil authority related to the COVID-19 Pandemic (like the California Civil Authority Orders) are insured losses under their policies; and

b. Defendant is obligated to pay Plaintiff and the Civil Authority Declaratory Judgment Class Members for the full amount of the Business Income losses incurred and to be incurred in connection with the period of restoration and the necessary interruption of their businesses stemming from the presence of COVID-19 and/or orders of civil authority related to COVID-19 (like the California Civil Authority Orders)

117. Pursuant to 28 U.S.C. § 2201, Plaintiff and the Extended Business Income Declaratory Judgment Class Members seek a declaratory judgment from this Court declaring the following:

a. Plaintiff and the Extended Business Income Declaratory Judgment Class Members' Extended Business Income losses incurred in connection with necessary interruption of their businesses due to the presence of the COVID-19 Pandemic and/or orders of civil authority related to the COVID-19 Pandemic (like the California Civil Authority Orders) are insured losses under their policies; and

b. Defendant is obligated to pay Plaintiff and the Extended Business Income Declaratory Judgment Class Members for the full amount of the Extended Business Income losses incurred and to be incurred in connection with the period of restoration and the necessary interruption of their businesses stemming from the presence of COVID-19 and/or orders of civil authority related to COVID-19 (like the California Civil Authority Orders).

118. Pursuant to 28 U.S.C. § 2201, Plaintiff and the Civil Authority Declaratory Judgment Class Members seek a declaratory judgment from this

Court declaring the following:

    a. Plaintiff and the Communicable Disease Declaratory Judgment Class Members' Business Income losses incurred in connection with necessary interruption of their businesses due to the presence of the COVID-19 Pandemic and/or orders of civil authority related to the COVID-19 Pandemic (like the California Civil Authority Orders) are insured losses under their policies; and

    b. Defendant is obligated to pay Plaintiff and Communicable Disease Class Members for the full amount of the Business Income losses incurred and to be incurred in connection with the period of restoration and the necessary interruption of their businesses stemming from the presence of COVID-19 and/or orders of civil authority related to COVID-19 (like the California Civil Authority Orders)

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the Classes, respectfully requests that the Court enter judgment against Defendant as follows:

i.    Entering an order certifying each of the proposed Classes;

ii.    Entering an order designating Plaintiff as Class Representative, and appointing Plaintiff's undersigned attorneys as Counsel for the Classes;

iii.    Entering judgment on Counts I, II, III, IV, and in favor of Plaintiff, the Business Income Breach Class, the Extra Expense Breach Class, the Civil Authority Breach Class, the Extended Business Income Breach Class, and the Communicable Disease Breach Class, and awarding damages for breach of contract in an amount to be determined at trial;

iv.    Entering declaratory judgments on Count VI in favor of Plaintiff and the Declaratory Judgment Classes (as set forth in Count VI);

v.    Ordering Defendant to pay both pre- and post-judgment interest on any amounts awarded;

vi.     Ordering Defendant to pay reasonable attorneys' fees and costs of suit; and

vii.    Ordering such other and further relief as may be just and proper.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all claims so triable.

**GREG COLEMAN LAW PC**

Date: June 26, 2020

/s/Alex R. Straus
Alex R. Straus (SBN 321366)
16748 McCormick Street
Los Angeles, CA 91436
T: 917-471-1894
alex@gregcolemanlaw.com

Will Ladnier (SBN 330334)
Jonathan B. Cohen*
**GREG COLEMAN LAW PC**
First Tennessee Plaza
800 S. Gay Street, Suite 1100
Knoxville, TN 37929
T: 865-247-0080
F: 865-522-0049
will@gregcolemanlaw.com
jonathan@gregcolemanlaw.com

Shanon J. Carson*
**BERGER MONTAGUE PC**
1818 Market Street
Suite 3600
Philadelphia, PA 19103
T: 215-875-4656
scarson@bm.net

Daniel K. Bryson*
Patrick M. Wallace*
**WHITFIELD BRYSON LLP**
900 W. Morgan Street
Raleigh, NC 27605
T: 919-600-5000
F: 919-600-5035
dan@whitfieldbryson.com
pat@whitfieldbryson.com

*pro hac vice forthcoming*

*Attorneys for Plaintiff and the putative classes*